UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUNIOR JUMPP, | : | |
| Plaintiff, | : | No. 3:20-cv-1225 (KAD) |
| | : | |
| v. | : | |
| | : | |
| NANCY J. SIMONOW, et al., | : | |
| Defendants. | : | |
| | : | |

**ORDER**

Plaintiff, Junior Jumpp ("Jumpp"), currently incarcerated at Corrigan-Radgowski Correctional Center, filed this complaint *pro se* under 42 U.S.C. § 1983. Jumpp names four defendants, Dentist Nancy J. Simonow, Dental Assistant Kim Flechette, Dr. Ingrid Feder, and Warden Robert Martin. Jumpp states that he brings this action to assert the deliberate indifference claim to dental needs against defendants Simonow and Frechette that was severed from two other actions. Jumpp seeks to proceed *in forma pauperis.*

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis* "[t]o help staunch a 'flood of nonmeritorious' prisoner litigation." *Lomax v. Ortiz-Marquez*, ___ U.S. ___, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). A prisoner who has had three or more cases or appeals dismissed as frivolous or malicious or for failing to state a claim upon which relief may be granted cannot file an action *in forma pauperis* unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Jumpp has had more than three cases dismissed as frivolous. *See, e.g., Jumpp v. Marinelli*, 3:13cv615(AWT) (dismissed June 28, 2013); *Jumpp v. Reyes*, 3:13cv637(AWT) (dismissed May 13,

2013); *Jumpp v. DOC*, 3:13cv505(AWT) (dismissed May 13, 2013). Because the three strikes provision applies in this case, Jumpp may not bring this action without payment of the filing fee absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morganthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger"). To proceed without prepayment of the filing fee, Jumpp must meet two requirements: (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) a favorable judicial outcome would redress the injury. *See id.* at 296-97. In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296. If Jumpp meets this requirement, *in forma pauperis* status applies to all claims in the complaint. *See Chavis v. Chappius*, 681 F.3d 162, 171-72 (2d Cir. 2010).

The complaint, in its current form, is unreviewable and the court cannot determine whether Jumpp's claims meet the exception to the three strikes provision. The complaint must include "a short and pain statement of the claim." Fed. R. Civ. P. 8(a)(2). Here, the complaint includes seemingly random pages from previous decisions severing the claims against defendants Simonow and Flechette, pages containing summaries of law, a copy of allegations against Simonow and Flechette from another case, copies of inmate requests and medical records, as well as additional allegations in his introduction. Nowhere does Jumpp clearly state his claims. Nor does he set forth his allegations in a coherent manner.

Jumpp is directed to file an amended complaint that clearly sets forth all allegations and claims against these defendants. Jumpp is directed to file his amended complaint within twenty days from the date of this order. After the amended complaint is filed, the court will take up the motion to proceed *in forma pauperis* and if it grants the motion, shall undertake an initial review of the complaint.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of August 2020.

/s/
Kari A. Dooley
United States District Judge