UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUNIOR JUMPP,<br>      Plaintiff, | :<br>:<br>:     No. 3:20-cv-1225 (KAD) |
| v. | :<br>: |
| NANCY J. SIMONOW, et al.,<br>      Defendants. | :<br>:<br>: |

**INITIAL REVIEW ORDER**

**Preliminary Statement**

Plaintiff, Junior Jumpp ("Jumpp"), currently incarcerated at Corrigan-Radgowski Correctional Center as a pretrial detainee, filed an amended complaint *pro se* pursuant to U.S.C. § 1983.[1] Jumpp names six defendants, Dentist Nancy J. Simonow, Dental Assistant Kim Fletchette, Dr. Ingrid Feder, Warden Robert Martin, Dentist Leslie Bumpus, and Deputy Warden Oles. Jumpp asserts claims for deliberate indifference to medical and dental needs. Jumpp seeks damages and injunctive relief. The amended complaint and motion to proceed *in forma pauperis* were received on September 16, 2020.

**Motion to Proceed *In Forma Pauperis***

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis*. This amendment was intended "[t]o help staunch a 'flood of nonmeritorious'

---

[1] Jumpp's initial complaint was unintelligible so the Court ordered him to file an Amended Complaint setting forth his claims in a coherent fashion. See ECF No. 8.

prisoner litigation." *Lomax v. Ortiz-Marquez*, ___ U.S. ___, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).

In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Jumpp previously has had more than three cases dismissed as frivolous. *See, e.g., Jumpp v. Marinelli*, 3:13cv615(AWT) (dismissed June 28, 2013); *Jumpp v. Reyes*, 3:13cv637(AWT) (dismissed May 13, 2013); *Jumpp v. DOC*, 3:13cv505(AWT) (dismissed May 13, 2013). Because the three strikes provision applies in this case, Jumpp may not bring this action without payment of the filing fee absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morganthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger"). To proceed without prepayment of the filing fee, Jumpp must meet two requirements: (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) a favorable judicial outcome would redress the injury. *See id.* at 296-97. In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296. If Jumpp meets this requirement, *in forma pauperis* status applies to all claims in the complaint. *See Chavis v. Chappius*, 618 F.3d 162, 171-72 (2d Cir. 2010).

Jumpp alleges that defendants Simonow and Fletchette have failed to treat him for dental conditions since July 2019 and for a new injury suffered on June 24, 2020. Jumpp attaches to his complaint a dental request submitted on July 5, 2020. In the request Jumpp states that he has been on the dental list for several months but has not been seen. He also states that, on June 24, 2020, he believes that he cracked a filling while eating and has suffered pain and bleeding since that date. On July 8, 2020, defendant Bumpus, responded with a notation that Jumpp was scheduled to be seen in the dental unit. Jumpp also alleges that, on August 14, 2020, he asked Dr. Simonow when she would see him. She said that she would not treat him.

In a previous case filed by Jumpp under the name Junior Jumpp Holness, *Holness v. Gagne*, 3:18-cv-1792(JAM), the court found allegations of chronic tooth pain sufficient to provisionally satisfy the exception to the three-strikes provision. *See* Initial Review Order re Amended Complaint, 2019 WL 6683058 at *4 (D. Conn. Dec. 6, 2019) (granting *in forma pauperis* status with invitation for defendants to seek reconsideration supported by evidentiary materials).

The Court did not locate any reported cases considering whether chronic dental pain meets the section 1915(g) exception. Based on the prior determination and the allegations that Jumpp suffers from dental pain and the facility dentist refused to treat him, the court finds that Jumpp has alleged facts sufficient to meet the exception to section 1915(g). Accordingly, his motion to proceed *in forma pauperis* is granted. This determination is without prejudice to the defendants seeking reconsideration upon presentation of contrary evidence.

**Standard of Review**

Under section 1915(e)(2)(B) of title 28 of the United States Code, the Court must dismiss

a case if the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On July 11, 2019, at Corrigan-Radgowski Correctional Center ("Corrigan"), Jumpp saw the dentist, Dr. Simonow and Dental Assistant Fletchette for replacement of a filling that had fallen out several months earlier. Doc. No. 9 ¶ 1. After completing the procedure, they told Jumpp that he should feel better after the medication wore off. *Id.* ¶ 2. The following day Jumpp was in severe pain; he could not eat or sleep. *Id.* ¶ 3.

On July 13, 2019, Jumpp submitted a request, erroneously dated May 13, 2019, to the dental unit describing his condition and asking to have the area re-checked. *Id*. ¶ 4. Defendant Fletchette responded on July 16, 2019 noting that Jumpp had been added to the dental list but that the list was long. *Id.* On July 17, 2019, Jumpp submitted a second request seeking

immediate treatment.  *Id*. ¶ 5.  He was not seen.  *Id.*  On July 21, 2019, Jumpp sent a request to Dental Assistant Fletchette stating that he was still in severe pain and feared an infection.  *Id*. ¶ 6.

On November 19, 2019, Jumpp was transferred to a different correctional facility.  *Id*. ¶ 7.  He still had not been seen.  *Id*.  Although he did not receive treatment, Jumpp was prescribed Motion 800 which relieved the pain.  *Id*. ¶ 8.

On June 18, 2020, the plaintiff returned to Corrigan.  *Id*. ¶ 9.  Upon his arrival, Dr. Feder discontinued the Motrin, changed his blood pressure medication, and restricted his access to his CPAP machine and inhaler.  *Id*.

On June 24, 2020, a piece of the filling in the problem tooth broke off while Jumpp was eating a cracker at lunch.  *Id*. ¶ 10.  He experienced pain and bleeding.  *Id*.  On July 5, 2020, Jumpp submitted another request to the dental unit.  *Id*.  Defendant Bumpus responded that Jumpp was added to the dental list.  *Id*.  Jumpp still has not been seen.  *Id*.

On August 12, 2020, Jumpp saw Dr. Simonow while he was in the medical unit on another matter.  *Id*. ¶ 11.  When asked when he would be seen, Dr. Simonow said she would not treat him.  *Id*.  On August 14, 2020, Jumpp tried to speak to Warden Martin about his medication and dental issues while the warden was touring the housing unit.  *Id*. ¶ 12.  Warden Martin said he did not care and walked away.  *Id*.

On July 5, 2020, Jumpp had requested sick call and Nurse Kayla put him on the list.  *Id*. ¶ 13.  As of the filing of the Amended Complaint, Jumpp had not been seen.  *Id*.  Someone told Jumpp that Dr. Feder had taken his name off the list.  *Id*.

On August 27, 2020, Jumpp complained to Deputy Warden Oles about his medical and dental issues.  *Id*. ¶ 14.  Deputy Warden Oles said he would take no action as Jumpp had already

spoken with the warden about the same issues.  *Id*.

On August 31, 2020, Jumpp experienced chest pain and shortness of breath because he did not have his asthma inhaler.  *Id*. ¶ 15.  When the nurse found Jumpp's blood pressure was high, Dr. Feder prescribed only a one-time dose of medication to reduce his blood pressure.  *Id*.  When his blood pressure remained high an hour later, Dr. Feder prescribed a second dose.  *Id*.

The next day, Jumpp returned to the medical unit complaining of chest pain and dizziness.  *Id*. ¶ 16.  A nurse found that Jumpp's blood pressure was high.  *Id*.  Dr. Feder told the nurse to provide one dose of medication only and not to give Jumpp his inhaler or the daily medications he had taken in the past.  *Id*.  Jumpp returned to his cell and used his CPAP machine to obtain relief.  *Id*.

On June 19, 2020, Dr. Feder ordered that Jumpp could use his CPAP machine only at night; he could not use it to nap during the day even though he suffers from sleep apnea.  *Id*. ¶ 17.

**Discussion**

Jumpp alleges that the defendants were deliberately indifferent to his medical and dental needs, claims which, for pretrial detainees, are evaluated under the Fourteenth Amendment Due Process Clause.  *See Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017). Although *Darnell* involved claims regarding the conditions of confinement, the court observed that the same standard would apply to all due process claims by pretrial detainees.  *Id.* at 33 n.9 ("deliberate indifference means the same thing for each type of claim under the Fourteenth Amendment"). And following *Darnell,* the Second Circuit has oft applied the *Darnell* standard to a variety of deliberate indifference claims.  *See, e.g., Valdiviezo v. Boyer*, 752 F. App'x 29, 32-33 (2d Cir.

2018) (*Darnell* standard applies to claims for deliberate indifference to serious medical needs).

To state a claim for deliberate indifference to serious medical needs, a pretrial detainee must first show that his medical need was "sufficiently serious*.*" *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Jumpp asserts two distinct claims for deliberate indifference to medical needs. First, he alleges that Dentists Simonow and Bumpus and Dental Assistant Fletchette failed to treat his dental issues and address his serious dental pain for over a year. Second, he alleges that Dr. Feder discontinued his blood pressure medication and inhaler and will only permit use of his CPAP machine at night, causing him to experience uncontrolled high blood pressure with chest

7

pain and dizziness. He alleges that the lack of the CPAP machine during the day prevents him from napping because of his sleep apnea.

As to the first, Jumpp has plausibly alleged that he suffers from a serious dental condition. As to the second, Jumpp suffers from sleep apnea. Courts considering the issue have held that sleep apnea may be a serious medical condition. *See Sassi v. Dutchess Cty.*, No. 9:16-cv-1450, 2019 WL 401951, at *6 (N.D.N.Y. Jan. 31, 2019) (citing cases). Finally, Jumpp alleges that his daily blood pressure medication was discontinued. Jumpp does not indicate the severity of his hypertension or the strength of the medication he had been taking on a daily basis but alleges that he suffers chest pains and dizziness from hypertension. The court will assume, for purposes of this order only, that Jumpp's hypertension is also a serious medical condition.

In addition to alleging an objectively serious medical condition, under the Fourteenth Amendment, a "pretrial detainee must [also] prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Mere negligent conduct does not satisfy this requirement. *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently).

Jumpp alleges that the defendants acted intentionally or, at least, failed to act with reasonable care to mitigate any injury. He also alleges that he informed defendants Martin and Oles of the other defendants' actions (or inactions) regarding his medical and dental conditions but they failed to take any action. Thus, Jumpp has plausibly alleged a Fourteenth Amendment

violation and these claims shall proceed against the defendants in their official capacities to the extent Jumpp seeks injunctive relief and in their individual capacities for damages.

**Orders**

Jumpp's motions to proceed *in forma pauperis* [**Doc. Nos. 2, 10**] are **GRANTED**.

The court enters the following additional orders:

(1) **The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain the service or current work address for defendants Simonow, Fletchette, Bumpus, Feder, Martin, and Oles, mail a waiver of service of process request packet containing the Amended Complaint to each defendant the addresses provided by **October 14, 2020**, and report to the court on the status of the waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the Complaint on defendants Simonow, Fletchette, Bumpus, Feder, Martin, and Oles in their official capacities at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, on or before **October 14, 2020** and to file a return of service within thirty (30) days from the date of this order.

(3) **The Clerk shall** send the plaintiff a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **April 24, 2021**.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed by **May 24, 2021.**

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10)    The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  The plaintiff is advised that the Program may be used only to file documents with

10

the court.  Local court rules provide that discovery requests are not filed with the court.  D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

(11)     **The Clerk shall** immediately enter the Standing Order Re: Initial Disclosures concerning cases initiated by self-represented inmates and shall send a copy to the plaintiff.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of September 2020.

/s/
Kari A. Dooley
United States District Judge